## FOWLER *v.* EQUITABLE TRUST COMPANY. (2)

## EQUITABLE TRUST COMPANY *v.* FOWLER. (2)

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ILLINOIS.

Nos. 34, 35. Argued April 16, 17, 1891. — Decided October 26, 1891.

The decision below in these cases is reversed on the authority of *Fowler v. Equitable Trust Company, ante,* 384.

THE court stated the case as follows:

The Trust Company made a loan to Rose H. Fowler, a citizen of Illinois, of the sum of $6000, for five years, with interest at the rate of ten per cent per annum, payable semi-annually. The latter executed to the company six coupon bonds of $1000 each, dated May 1, 1874, payable May 1, 1879, with interest semi-annually at the rate of seven per cent per annum; the principal and interest payable at the office of the company in New York. As security for the payment of the bonds and the interest thereon, the borrower conveyed to Jonathan Edwards, trustee, a lot in Springfield, Illinois, with the appurtenances thereon. The deed was similar in its provisions to the one given in the preceding cases, Nos. 32 and 33.

The present suit was brought October 27, 1882, to foreclose the grantor's right and equity of redemption, and for a sale in satisfaction of the amount found, upon an accounting, to be due the Trust Company. Sophie Fowler was made a defendant upon the ground that she claimed some interest in the mortgaged property. She filed an answer and cross-bill, to which,

the company filed a replication and answer. By a decree entered October 20, 1884, it was adjudged by the court that the plaintiff was entitled to recover $2162.48 as the balance of the principal actually received by the defendants, $23.12 for insurance paid; in all, $2185.60. When this decree was entered the defendants filed a written motion and petition for rehearing, in respect to which the same proceedings were had as in the preceding cases. A formal order for rehearing was made June 30, 1885, and entered as of October 31, 1884; and there was a final decree, January 11, 1887, in favor of plaintiff for $5411.23, of which $5381.83 was found to be the principal sum actually received by the defendants, and $29.40 to have been paid for insurance. From that decree both parties appealed.

In reference to the loan in question, Johnston, the local agent of the company at Springfield, through whom the loan was obtained, testified: "The trust deed and bonds were executed and delivered to me about the 22d day of June, 1874, as complete. This was a loan of six thousand at ten per cent. Seven per cent of the interest was evidenced by the interest coupons attached to the six one-thousand dollar bonds, and the remaining three per cent was discounted for the five years and deducted from the $6000. The trust deeds and bonds in this case bear date the 1st day of May, 1874, and the interest which accrued on them from May 1, 1874, to June 23, 1874, was paid to the defendant.

| | | |
|---|---:|---:|
| Par value of bonds was | $6,000 | 00 |
| Discount, 3 %, 5 years, was | 694 | 80 |
| Leaving the sum of | $5,305 | 20 |
| To this was added accrued interest | 76 | 63 |
| Making the total | $5,381 | 83 " |

For that amount Johnston executed and delivered to the defendant his sight draft on the Trust Company, which was negotiated by her. Pursuant to a previous agreement with him, she paid him a commission of $150. The evidence as to

the circumstances under which the loan was made, and commissions paid, and of Johnston's relations to the Trust Company, was the same as in the other cases.

[This case was argued with *Fowler* v. *Equitable Trust Company, ante*, 384.]

*Mr. William L. Gross* for the Equitable Trust Company.

*Mr. Robert G. Ingersoll* and *Mr. William Ritchie* for Fowler.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

These appeals are from the same decree. The cases arise under the usury laws of Illinois. They do not differ materially from Nos. 32 and 33, except as to the amount of the loan. The answer raises the same questions as were raised in those cases. The decree gave no credit on the principal sum for payments on account of interest, but was for the amount actually received by the borrower in cash, and the sum paid by the mortgagee for insurance, with interest on the aggregate amount at six per cent from the date of its rendition. Under the statute of Illinois relating to interest upon the loan or forbearance of money, and for the reasons given in the opinion in cases Nos. 32 and 33, the loan in question must be held to have been usurious, and the decree should have been in conformity with the principles announced in those cases.

The decree is

*Reversed with costs, and the cause is remanded with instructions to make such modifications in the decree as will be consistent with this opinion.*