ROSE H. FOWLER *v.* HATTIE B. HARTS,

and

ROSE H. FOWLER *v.* P. W. HARTS.

*Filed at Springfield April 2, 1894.*

1. INTEREST—*depends on the statute.* At common law, interest was recoverable in no case except when there was an express agreement to pay it, and in this State it can not be recovered except when the statute authorizes it, and interest may therefore be regarded as dependent upon and the creature of the statute.

2. SAME—*whether contract provides for.* The owner of lots sold the same for $3000, subject to an incumbrance on the same, the amount

being in dispute, the holder claiming $7500, which indebtedness, whatever it might be, was to be paid as part of the purchase money. Five hundred dollars was paid down. It was agreed that the purchaser should pay the vendor whatever reduction of the $7500 might be obtained on foreclosure on the defense of usury. The amount was reduced considerably below the $7500: *Held,* that the purchaser was not liable to pay interest on any part of the $7500.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of San gamon county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Messrs. BROWN, WHEELER & BROWN, for the appellant.

Messrs. CONKLING & GROUT, for the appellees.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

These two cases were argued and submitted together both in the Appellate Court and in this court. The facts presented by the records are these: On May 1, 1874, Rose H. Fowler borrowed of the Equitable Trust Company, of New London, Connecticut, the sum of $6000 for five years at ten per cent interest. Of the interest agreed to be paid, three per cent for the five years was exacted as a discount at the time the loan was made, and to secure the loan and the residue of the interest, Rose H. Fowler executed to the company her six coupon bonds for $1000 each, due in five years, the coupons thereto attached calling for interest at the rate of seven per cent per annum, payable annually, and also executed to the company a trust deed on lots 9, 10, 11 and 12, in Constant's addition to Springfield. Interest was paid on these bonds according to their terms up to May 1, 1879, and after that date, Rose H. Fowler made certain other payments thereon, aggregating $1129.35. On October 27, 1882, the Equitable Trust Company filed its bill in the United States Circuit Court for the Southern District of Illinois for the foreclosure of the deed of trust, and to that bill, Rose H. Fowler answered, setting up, among other things, the defense of usury.

On April 24, 1883, and while the foreclosure suit was pending and undetermined, Hattie B. Harts purchased of Rose H. Fowler the lots covered by the deed of trust, and received from her a warranty deed therefor, the expressed consideration for the purchase being $8000, and the deed containing the following provision: "It is expressly agreed that the grantee takes the real estate hereby conveyed subject to the taxes of 1882, and an indebtedness secured to the Equitable Trust Company by a trust deed on said real estate, recorded in the recorder's office of Sangamon county, Illinois, in book No. 37 of mortgages, on page 521, which said taxes and indebtedness the grantee assumes to pay as part of the consideration for this conveyance."

Rose H. Fowler, at the time of the conveyance, as it seems, being desirous that the deed of trust should not be paid off until the final decision of the foreclosure suit, so as to enable her to avail herself of the benefit of her defense of usury in case it should be sustained, took from Hattie B. Harts, the purchaser, simultaneously with the execution and delivery of the deed, the following agreement:

"Whereas, I, Hattie B. Harts, of the city of Springfield, Illinois, have purchased of Rose H. Fowler, of same place, lots 9, 10, 11 and 12, in Constant's second addition to the said city, and for the price of $8000, and have assumed the payment of a certain indebtedness, secured by trust deed on said lots, to the Equitable Trust Company of New London, Conn., as a part of the purchase money for said lots, which said indebtedness, as claimed by said company, is $7500 and interest; and whereas, suit is now pending in the United States Circuit Court for the Southern District of Illinois, by said company, against Rose H. Fowler and others, for the foreclosure of said trust deed, in which the said Rose H. Fowler is contending for a reduction of said indebtedness; and whereas, I have paid the said Rose H. Fowler the sum of five hundred ($500) dollars, assuming that the sum of $7500 claimed by

said company as due to it is the correct amount of said indebtedness:

"Now, this is to witness that I, in consideration of the premises, do hereby agree and promise to pay to said Rose H. Fowler the amount of any reduction of said indebtedness she may obtain by the judgment and decree of said court in said cause, and to pay the same whenever such judgment or decree may be rendered, or in case of appeal, when the appeal is determined and the amount ascertained.

*April 24, 1883.* HATTIE B. HARTS."

On this agreement was written the following guaranty at the time of its execution:

"For a valuable consideration, I do hereby guarantee the faithful performance of the above obligation.

P. W. HARTS."

Hattie B. Harts, immediately after the execution of these papers, went into possession of the lots conveyed, and has remained in possession thereof ever since.

On January 11, 1887, the United States Circuit Court entered its decree in the foreclosure suit in which it found the amount due from Rose H. Fowler on the indebtedness secured by the deed of trust to be $6411.25. From that decree both parties to the foreclosure suit appealed to the Supreme Court of the United States, and on the 26th day of October, 1891, that court rendered its decision sustaining the defense of usury, and remanding the cause to the court below with directions to so modify the decree as to make it consistent with the opinion filed. (*Fowler* v. *Equitable Trust Co.* 141 U. S. 408; see also, *Fowler* v. *Equitable Trust Co.* id. 384; *Same* v. *Same,* id. 411.) In pursuance of the mandate of the Supreme Court, the Circuit Court, on January 2, 1892, entered a decree finding the amount due on the deed of trust to be $2052.04, and ordering Rose H. Fowler to pay to the Equitable Trust Company that sum with costs and interest from that date. On

January 11, 1892, Hattie B. Harts paid the amount of the decree, interest and costs, aggregating $2231.

In the meantime, Hattie B. Harts had become entitled, through certain other dealings, to a further credit of $2256.40, to be applied upon the sum payable to Rose H. Fowler upon the agreement above set forth, and one of the present suits is brought to recover of Hattie B. Harts the balance due on the agreement, after deducting the two sums above mentioned, and the other is brought against P. W. Harts to recover the same amount on his contract of guaranty. The only controversy is as to how much the plaintiff is entitled to recover. She claims that by the agreement, Hattie B. Harts obligated herself to pay the sum of $7500 with interest thereon at the rate of six per cent from April 24, 1883, the date of the agreement, and that her recovery in these cases should be that amount, less the two sums above mentioned, and that was the view adopted by the trial court, and judgment was accordingly entered by that court in each case in favor of the plaintiff for $7325.10 and costs. Hattie B. Harts, on the other hand, claims that she only obligated herself to pay the sum of $7500 when the foreclosure suit should be finally determined and the amount due on the deed of trust ascertained, without interest, and that the plaintiff was entitled to judgment for that amount less the two credits, and that view was sustained by the Appellate Court on appeal, and that court reversed the judgment of the court below, and remanded the causes with directions to enter judgments therein for $3015.60, with interest thereon from January 2, 1892, the date of the rendition of the final decree in the foreclosure proceedings. The present appeals are from the judgments of the Appellate Court.

It will be seen from the foregoing statement that the only controversy in the case is, whether Hattie B. Harts is liable to pay interest on the $7500 mentioned in the foregoing agreement from the date of the agreement up to the time the amount due on the deed of trust was finally ascertained. It is plain,

we think, that if such liability exists at all, it must arise from the terms and provisions of the agreement itself. At the common law, interest was recoverable in no case except where there was an express agreement to pay it, and in this State the rule seems to be well settled that it can not be recovered except where the statute authorizes it, and interest may therefore be regarded as dependent upon and the creature of the statute. *Sammis* v. *Clark*, 13 Ill. 544; *City of Pekin* v. *Reynolds*, 31 id. 529; *I. C. R. R. Co.* v. *Cobb*, 72 id. 148; *City of Chicago* v. *Allcock*, 86 id. 384; *Madison County* v. *Bartlett*, 1 Scam. 67.

By the second section of the statute in relation to interest in force at the time the agreement in question was made, creditors were given interest at the rate of six per centum per annum for all moneys, after they became due, on any bond, bill, promissory note or other instrument of writing; on money lent or advanced for the use of another; on money due on settlement of accounts from the day of liquidating the accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on moneys withheld by an unreasonable and vexatious delay of payment; and by section three, it was provided that judgments should draw the same rate of interest from their dates until satisfied. It seems very clear that the present case falls under neither of these subdivisions. The indebtedness, it is true, was evidenced by an instrument of writing, but by the terms of that instrument, it was not to become due or payable until, upon final determination of the foreclosure suit, the amount due on the deed of trust should be ascertained.

But by the fourth section of the statute it was provided that, in all written contracts, it should be lawful for the parties to stipulate or agree that eight per cent or any less rate should be taken and paid, upon money loaned, or in any manner due and owing from one person or corporation to any other person or corporation in this State. Doubtless, under

this section, it was competent for the parties in this case, by their written contract, to agree upon any rate of interest, not exceeding eight per cent per annum, and the only question is whether they did so agree. This question can be determined only by reference to the terms of the contract itself.

But on examining the contract, we are able to find no language in it which, considered in itself or construed in the light of surrounding circumstances, amounts to an agreement to pay interest. The only reference to interest is in the first clause of the preamble. To understand the language there used, it should be remembered that as a part of the same transaction, Hattie B. Harts had purchased of Rose H. Fowler certain lots in Springfield for $8000, and had paid $500 of the purchase money, and assumed the payment of the deed of trust on the lots, on which the holder of the incumbrance claimed $7500 was due. A suit for the foreclosure of the incumbrance was pending, in which Rose H. Fowler had interposed a defense which, if sustained, would largely reduce the amount of the incumbrance below what was claimed. The object of the agreement plainly was, to postpone the payment of the incumbrance by the purchaser until after the final decision of the foreclosure suit, and to give the vendor the advantage of any reduction she might be able to obtain by means of her defense. To explain the circumstances under which the agreement was entered into, and the purposes for which it was made the parties prefixed thereto several preambles. The first recited the purchase for $8000, and that the purchaser had assumed the payment of the incumbrance on the property as a part of the purchase money, and that the indebtedness represented by the incumbrance, as claimed by the holder thereof, was $7500 and interest. As it is not pretended by any one that the principal of the incumbrance was ever more than $6000, the recital was undoubtedly intended to mean, that the indebtedness secured by the deed of trust, including principal and interest, as claimed by the Trust

Company, amounted to $7500. This is especially evident in view of the recital in the third preamble, that the parties assumed that the sum of $7500 claimed by the company as due to it, was the correct amount of the indebtedness.

By these recitals, the parties fixed upon $7500 as the portion of the purchase money which should be regarded as satisfied, at least tentatively, by the purchaser's covenant to assume and pay off the incumbrance. Then followed the agreement of the parties, viz., that Hattie B. Harts should pay to Rose H. Fowler the amount of any reduction of the indebtedness, which manifestly meant, any reduction below the sum of $7500 which the parties assumed was its true amount in case no reduction was obtained, such payment to be made whenever the judgment or decree should be rendered, or in case of an appeal, when the appeal should be determined and the amount ascertained.

It is impossible to deduce from this agreement any obligation to pay interest. The promise is merely to pay the amount of the reduction, and nothing is said about interest. To require the payment of interest would necessitate the importation into the agreement of terms which the parties did not see fit to adopt. The reference to interest in the first preamble can not be given the force contended for. It is there referred to merely by way of fixing and liquidating the amount then claimed to be due on the incumbrance, and not as importing any promise on the part of Hattie B. Harts to pay interest on that portion of the purchase money which was to remain in her hands awaiting the final decision of the foreclosure suit.

We think the agreement was properly construed by the Appellate Court, and that the amount found due by that court in its final judgment is the correct one. The judgment of that court in both cases will therefore be affirmed.

*Judgment affirmed.*

Mr. Justice Phillips having heard this cause in the Circuit Court, took no part in its decision here.