REBECCA JONES, Plaintiff-Appellant, v. JONES-BLYTHE CONSTRUCTION COMPANY *et al.*, Defendants (Samuel Anderson, Director of the Teachers' Retirement System, *et al.*, Defendants-Appellees).

Fourth District   No. 4—86—0360

Opinion filed December 8, 1986.

J. Jay Robeson, of Scheele, Cornelius & Associates, Ltd., of LaGrange, for appellant.

Grady E. Holley, of Holley, Keith & Mehlick, of Springfield, for appellees.

JUSTICE WEBBER delivered the opinion of the court:

Plaintiff filed a five-count complaint in the circuit court of Sangamon County seeking damages from defendants, the director and board members of the Teachers' Retirement System of the State of Illinois (System) and other defendants for injuries resulting from plaintiff's slip and fall on premises occupied by the System. Defendants filed a motion to dismiss counts III and IV pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). The motion alleged that the circuit court lacked subject matter jurisdiction for the reason that as director and board members of an agency of the State of Illinois, defendants are immune from liability in the circuit court. The court granted the motion to dismiss. The court made the requisite Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)) finding, and plaintiff

filed a timely notice of appeal. On appeal plaintiff argues that an action against the System is not a claim against the State such that the action had to be filed in the Illinois Court of Claims.

Section 4 of article XIII of the 1970 Illinois Constitution (Ill. Const.1970, art. XIII, sec. 4) provides: "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." Section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1983, ch. 127, par. 801) retained sovereign immunity except as provided in the Court of Claims Act. Section 8 of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.8) in effect at the time of the accident in question, established the jurisdictional guidelines of the Illinois Court of Claims. That section provided, in pertinent part:

> "8. The court shall have exclusive jurisdiction to hear and determine the following matters:
>
> * * *
>
> (d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit, and all like claims sounding in tort against the Medical Center Commission, the Board of Trustees of the University of Illinois, the Board of Trustees of Southern Illinois University, the Board of Regents of the Regency Universities System or the Board of Governors of State Colleges and Universities."

Since the defendant System is not specifically enumerated in the above statute and is not encompassed within any of the State agencies named, the narrow issue as to this defendant becomes whether it was properly considered a division of the "State" as used in the above statute.

■■ ■ Many factors have been considered by the courts in determining whether a particular agency is a division of the "State" for purposes of the Court of Claims Act. As explained by our supreme court in *People v. Illinois Toll Highway Com.* (1954), 3 Ill. 2d 218, 227, 120 N.E.2d 35, 41:

> "The multiplicity of factors which the courts have considered in reaching a decision of this question makes it impracticable to extract a simple rule which will fit every situation. The factor entitled to most weight, in our opinion, is that under no circumstances can the general funds of the State be reached in order to satisfy an obligation of the commission [Illinois State Toll Highway Commission]. That factor, together with the largely independent control of the commission over the construction and maintenance of the proposed toll roads, permits it to be regarded as an independent entity so far as subjection to suit is concerned.

The extent to which the commission would or would not be immune to actual liability in any particular action is of course not now before us. Our decision is simply that the constitution does not forbid it to be made a party defendant."

The above-quoted case shows that the factor entitled to the most weight in these determinations is whether the general funds of the State can be reached in order to satisfy an obligation of the agency. In the instant case we find that the general funds of the State can be reached to satisfy an obligation of the System. At the time of plaintiff's accident, section 16—162 of the Illinois Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 16—162) provided:

"Payment of the required State contributions and of all pensions, annuities, retirement allowances, death benefits, refunds and other benefits granted under or assumed by this retirement system, and all expenses in connection with the administration and operation thereof, are obligations of the State."

Any judgment in favor of plaintiff could be considered an expense in connection with the administration and operation of the System and satisfied out of the general funds of the State. For this reason, the trial court correctly determined that plaintiff's action should have been brought in the Court of Claims.

Plaintiff argues that the System enjoys a high degree of autonomy and is not a division of the State for purposes of the Court of Claims Act. In support of its argument, plaintiff cites *Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 386 N.E.2d 1141. In *Gocheff* the appellate court determined that the defendant possessed a high degree of administrative autonomy and was not a part of the State for purposes of the Court of Claims Act. However, *Gocheff* is easily distinguishable. In *Gocheff* the court found that the general funds of the State would not be reachable to satisfy a judgment rendered in the case. In any event, we do not believe that the System enjoys the degree of autonomy asserted by plaintiff. The System and its board are created by statute and the powers and duties of the board are controlled by statute.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.