FRANK K. PHELPS *et al.*, Plaintiffs-Appellees, v. MICHAEL J. O'MAL-LEY, Defendant-Appellant.

Second District   No. 2—88—1149

Opinion filed August 15, 1989.

Uve R. Jerzy, of Mandel, Lipton & Stevenson, Ltd., of Chicago (R. Peter Carey, of counsel), for appellant.

David I. Herbst and Martha L. Ashenhurst, both of Portes, Sharp, Herbst & Kravets, Ltd., of Chicago (Steven H. Kuh, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

This case comes on appeal for a second time. Defendant, Michael O'Malley, appeals from a $379,000 judgment entered against him on remand from this court. In entering this judgment, the trial court followed our mandate to enter judgment for the plaintiff for $379,000. The trial court made the judgment effective from June 26,

1986, the date of the original judgment, thus requiring defendant to pay statutory interest from this earlier date.

O'Malley first appealed after the trial court entered judgment against him for $387,500 for breach of a real estate contract. We upheld the lower court's finding that defendant breached a contract, but ruled the court erred in allowing plaintiffs' expert to testify as to the market value of the properties subject to sale because plaintiffs failed to comply with Supreme Court Rule 220. (*Phelps v. O'Malley* (1987), 159 Ill. App. 3d 214, 226.) We then ruled that, rather than remand the cause for damages, we would, pursuant to Supreme Court Rule 366 (107 Ill. 2d R. 366), set plaintiffs' damages according to the evidence of actual sales prices introduced by defendant. We ordered the trial court to enter judgment against defendant for $379,000. (*Phelps*, 159 Ill. App. 3d at 226.) Defendant filed a petition for rehearing which we denied. Defendant's petition to the supreme court for leave to appeal was also denied. *Phelps*, 159 Ill. App. 3d 214, *appeal denied* (1987), 117 Ill. 2d 553.

On this appeal, defendant raises two issues: (1) whether this court exceeded its authority in setting a damage award; (2) whether the trial court erred when it made judgment on remand effective as of the first judgment date, thus allowing for statutory interest from this date. Plaintiffs respond that defendant's first issue is barred by law of the case. For the reasons set forth below, we affirm.

The facts that brought about this lawsuit are outlined in our first decision and need not be set out again for this appeal. See *Phelps*, 159 Ill. App. 3d 214.

■ Initially, we address plaintiffs' motion on appeal asking this court to supplement the record with defendant's petition for rehearing and petition for leave to appeal. Defendant objects to this motion; however, we find no merit to this objection. Both of these petitions are relevant to the issue on appeal. Under Supreme Court Rule 329 (107 Ill. 2d R. 329), this court may order any corrections in the record that will aid the presentation of the questions involved on appeal. Thus, plaintiffs' motion is granted. Secondly, plaintiffs' motion to strike from the record the testimony of Clarence Bruckner, which this court ruled should have been debarred, need not be decided in light of the disposition of this case.

■■■ Defendant's first contention on appeal is that the appellate court exceeded its authority under Supreme Court Rule 366 (107 Ill. 2d R. 366) when we set damages against defendant based on evidence introduced by defendant of the sales prices of the properties which were to be sold under the contract. Plaintiffs correctly respond

that this issue of appeal is improper. Defendant is improperly using a second appeal to ask this court to reconsider its earlier decision. The earlier holding established the law of the case, and an appellate court is bound by its holding on an appeal from the judgment of the circuit court entered on remand. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 312; see also *Krentz v. Johnson* (1978), 59 Ill. App. 3d 791; *Foss Park District v. First National Bank* (1974), 19 Ill. App. 3d 553.) When an appellate court reverses and remands the cause with a specific mandate, the only proper issue on a second appeal is whether the trial court's order is in accord with the mandate. (*Anundson v. City of Chicago* (1973), 15 Ill. App. 3d 1032, 1037.) Ordinarily, a party seeking review of an appellate decision in an Illinois court has two options which do not include a second appeal. The party may file a petition for rehearing, and the party may also petition for leave to appeal to the Illinois Supreme Court. *Krentz*, 59 Ill. App. 3d at 792.

Defendant contends the law of the case does not apply here because he has not had an opportunity to fully and fairly litigate the issue decided by the appellate court. Defendant states that the issue of whether retail sales prices were an adequate measure of fair market value was not raised at the trial level or in the appellate briefs. Since it was not until the appellate court set damages on this basis that this became an issue, defendant contends he should be given the opportunity to address this issue in this appeal. Defendant cites *Mid-State Savings & Loan Association v. Illinois Insurance Exchange, Inc.* (1988), 175 Ill. App. 3d 265, for this proposition, but this case does not address defendant's contention. In this case, the issue of whether a party had a fair opportunity to litigate an issue decided on appeal was never discussed. The case merely stands as an example of an appellate court using its power under Supreme Court Rule 366 (107 Ill. 2d R. 366).

Defendant fails to recognize that he has not been denied an opportunity to address his contentions to this court. This opportunity is provided to all parties of appeal through a petition for rehearing. Defendant filed a petition for rehearing and argued that striking plaintiffs' expert's testimony left the record without sufficient evidence to determine fair market value of the property. Defendant also contended that he would not have introduced the evidence of the sales prices had the expert been debarred. Furthermore, he argued that evidence of the lots' sales prices did not reveal the fair market value at the time of breach because the sales, with the exception of one, occurred after the breach, some almost two years later. Defend-

ant also argued that the gross sales figure used by this court should have been reduced by the costs involved in the sales and contended that these costs would reduce plaintiffs' award to $48,648. It is clear from defendant's petition that he took full advantage of the opportunity to present his contentions to this court. Though defendant did not make the argument made in this appeal that the trial court exceeded its authority, defendant clearly had an opportunity to make this argument and failed to do so. Defendant's arguments in his petition for rehearing were considered and denied. Defendant also took advantage of his right to petition the supreme court, and this was denied. Thus, defendant has had his opportunities. At some point, there must be an end to litigation. *PSL*, 86 Ill. 2d at 313.

■ In his reply brief, defendant cites two exceptions where an appellate court may disregard the law of the case: (1) where, subsequent to the first appeal, the supreme court makes a contrary ruling on the precise issues of law on which the appellate court based its decision; and (2) where the appellate court remands for a new trial on all the issues and the appellate court determines that its first decision was palpably erroneous. (*Yonan v. Oak Park Federal Savings & Loan Association* (1975), 27 Ill. App. 3d 967, 971; *Weiland Tool & Manufacturing Co. v. Whitney* (1968), 100 Ill. App. 2d 116, *rev'd on other grounds* (1969), 44 Ill. 2d 105.) The rationale for this second exception is that the appellate court would be reaching a decision based on a new and different trial. *Yonan*, 27 Ill. App. 3d 967.

●6 Defendant does not argue for application of the first exception, but cites three cases that have applied the palpably erroneous exception and argues that these cases support applying it here. In *Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 689, *rev'd on other grounds* (1988), 125 Ill. 2d 267, the court noted that in its first appellate decision, it recognized the parent-child tort-immunity doctrine as the law in Illinois, but it reversed this decision in its second opinion, applying the palpably erroneous standard. The court noted that the palpably erroneous exception applies only where the court remands the case for a new trial of all the issues. The court held that since it remanded *Stallman I* for a factual determination, and the parties had an opportunity to create a new record, this exception applied, even though the parties did not have a new trial. In *Sjostrom v. Sproule* (1964), 49 Ill. App. 2d 451, the appellate court applied the palpably erroneous exception where the cause was remanded to try one issue and the parties stipulated to the earlier record for the judge's determination. In *Thomason v. Chicago Motor Coach Co.* (1939), 298 Ill. App. 626 (abstract of opinion), the appellate

court remanded the cause for a new trial and on the second appeal applied the palpably erroneous exception in reversing its first decision.

These three cases are distinguished from the instant case. In each, the requirement for applying the palpably erroneous exception, that the appellate court remand for a new trial, was met. Here, the appellate court did not remand for a new determination, but instead set damages at a different amount and ordered the trial court to follow its mandate. Defendant argues that adherence to the requirement that the appellate court remand for a new trial exalts form over substance. Defendant points out that in *Stallman*, there was no new trial on remand, but merely a new motion for summary judgment and an affidavit filed by defendant. (*Stallman*, 152 Ill. App. 3d at 689.) Also, in *Sjostrom*, there was no new trial. The parties simply stipulated to the first record. (*Sjostrom*, 49 Ill. App. 2d at 452.) Defendant argues that the rationale for applying the palpably erroneous exception, that the case after remand would concern different evidence, holds no weight in light of the decision in *Stallman*. Defendant's position is somewhat persuasive. It is difficult to explain these decisions based on the rationale that remanding for a new trial will create a new record. Nonetheless, the fact remains that in each of these cases the requirement that the cause be remanded for a new trial was met. Moreover, we are not persuaded that these cases stand for an abandonment of this requirement. The law of the case is a firmly established doctrine which should be followed except in rare exceptions. (*Presbyterian Distribution Service v. Chicago National Bank* (1962), 36 Ill. App. 2d 1, 4.) Thus, we will not apply the palpably erroneous exception to this case.

■ Defendant next challenges the trial court's judgment on remand which the court purported to enter *nunc pro tunc* to June 26, 1986, the date of the trial court's first judgment, and providing for statutory interest from June 26, 1986. We note that the trial court incorrectly termed the judgment on remand as a *nunc pro tunc* entry. This was not a *nunc pro tunc* entry. As stated in Black's Law Dictionary, *"nunc pro tunc"* is "[a] phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, *i.e.*, with the same effect as if regularly done." (Black's Law Dictionary 964 (5th ed. 1979).) Here, the trial court was not allowing an act to be done that should have been done before. See *Spears v. Spears* (1977), 52 Ill. App. 3d 695, 698.

●8 Defendant's first contention concerning the trial court's ruling is that in making the judgment effective from the first judgment

date, the trial court was attempting to correct the court's earlier error in computing damages. This argument is incoherent. Perhaps defendant means to argue that the trial court has attempted to subvert the mandate of the appellate court, which reduced the damage award; however, defendant alleges no facts to support this allegation, and none appear in the record.

Defendant next contends that, where an appellate court orders the trial court to enter judgment on remand, statutory interest does not begin to accrue until the trial court enters the latter judgment. Plaintiffs respond that section 2—1303 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1303) provides for interest from the initial judgment; therefore, it was proper to make the judgment in this case effective from the original judgment date. Section 2—1303 of the Code of Civil Procedure provides in pertinent part:

> "When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. *** The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat. 1987, ch. 110, par. 2—1303.

■ It is clear that the filing of an appeal does not toll the accrual of statutory interest (see *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518), but it is not so clear what effect the appellate court's decision should have on the accrual of this interest. Neither side has cited, nor has this court uncovered, Illinois case law that addresses the specific facts of this case, where the appellate court affirmed the finding of liability but set damages at a lower amount. Defendant cites *Rosenbaum v. Rosenbaum* (1981), 94 Ill. App. 3d 352, and *Presbyterian Distribution Service v. Chicago National Bank* (1962), 36 Ill. App. 2d 1, in support of his contention that statutory interest does not accrue until after the judgment on remand. In *Rosenbaum*, the appellate court reversed the trial court's decision on the issue of attorney fees and remanded and ordered the court to recalculate the distribution. After recalculation, defendant argued that plaintiff should have to pay interest from the original trial court judgment. (*Rosenbaum*, 94 Ill. App. 3d at 353, 356.) The court held that where a portion of the original judgment was reversed and a new judgment was entered upon remand after recalculation by the trial court, the exact amount owed was not calculated until the dispo-

sition of the case following remandment. Therefore, interest on the judgment should run from the date of the new decree. (*Rosenbaum,* 94 Ill. App. 3d at 356.) The rationale for this rule is that the judgment debtor cannot protect against the accrual of interest by tendering payment when the amount is undetermined. (*Rosenbaum,* 94 Ill. App. 3d at 357.) In *Presbyterian,* the court remanded a cause with directions to the court to enter damages in accordance with the court's directions. At the time the case was remanded, damages were undetermined. The court held that since the exact amount of damages was undetermined until the trial court disposed of the case on remand, statutory interest should run from the date of the amended decree. *Presbyterian,* 36 Ill. App. 2d at 6; see also *Thatch v. Missouri Pacific R.R. Co.* (1979), 69 Ill. App. 3d 48.

The above cases are distinguished from the instant case. In this case, the mandate by the appellate court did not leave damages undetermined. This court specifically provided that plaintiff should recover $379,000. Thus, the rationale for not applying statutory interest in *Rosenbaum* and *Presbyterian* does not apply to this case. Defendant was never denied an opportunity to halt the accrual of statutory interest.

The majority of States have held that where a money award has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, interest on the award should accrue from the original judgment date. (See Annot., 4 A.L.R.3d 1221, 1223 (1965); 47 C.J.S. *Interest & Usury* §68, at 158 (1982).) We choose to follow the majority rule. In support of this holding is the supreme court case, *Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, which, though not directly on point, is instructive of the supreme court's view of the application of statutory interest in light of appeal. In *Proctor,* the supreme court held that statutory interest accrued from the date of the original award, "notwithstanding that at an intermediate level of review the award was overturned and on further review reinstated." (*Proctor,* 50 Ill. 2d at 9-10.) The respondent in *Proctor* argued that since the original award had been reversed, there was a period of time where respondent was not a judgment debtor; therefore, he was deprived of the privilege of stopping the accrual of interest. To this argument the supreme court said the following:

> "Obviously a judgment debtor who terminates the accrual of interest in the manner provided in the statute runs the risk that even though he prevails in his appeal, the appellee will have dissipated the funds and he will be unable to effect recov-

ery of the sums paid. There is nothing in the statute to prevent an appellee from taking the same risk and we find no arbitrary, unreasonable or discriminatory classification which renders the statute invalid." *Proctor*, 50 Ill. 2d at 9.

Applying statutory interest from the date of the original judgment where the appellate court lowers the judgment is also fundamentally consistent with the approach taken in cases where the appellate court has increased the award. In *Toro Petroleum Corp. v. Newell* (1974), 33 Ill. App. 3d 223, 231, the appellate court held that defendant was required to pay interest on the original judgment from the date of that judgment to the date of reversal and then interest on the latter judgment from the date of the appellate court decision. (See also *Owens v. Stokoe* (1988), 170 Ill. App. 3d 179.) This holding makes sense since in this situation defendant could not have halted the accrual of interest on the latter judgment until after remand. The opposite is true in this case, however, where the judgment debtor realizes a reduction of liability after appeal. Here, the judgment debtor could have halted the total accrual of interest by initially paying the greater amount of the original judgment.

Finally, plaintiffs have moved this court to dismiss the first issue of defendant's appeal and to award plaintiffs costs and attorney fees for raising a frivolous issue of appeal. This motion is denied. Defendant's first issue of appeal is not totally frivolous given the existence of case law which has applied exceptions to the law of the case doctrine.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS and LINDBERG, JJ., concur.