30 F.3d 137
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David J. SHIELDS, Defendant-Appellant.
 No. 94-1388.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.*
Decided June 28, 1994.
 
 Before CUMMINGS, TIMBERS** and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 David Shields was convicted of accepting a bribe to fix a case pending before him as a judge, violating several federal statutes. We affirmed the conviction. 999 F.2d 1090 (1993).
 
 
 2
 Shields later sought a new trial under Fed.R.Crim.P. 33, contending that newly discovered evidence undercut the credibility of Robert Cooley, a witness against him. At trial Cooley testified that he had bribed more than a score of judges serving on the Circuit Court of Cook County. The newly discovered evidence is that in 1986 (long before the events underlying this prosecution) Cooley had told an Assistant United States Attorney that he "didn't have to bribe judges" because the judges favored attorneys from the First Ward without the need for remuneration. The district court agreed with Shields that this statement would have facilitated Cooley's impeachment, and with the implication that the prosecution violated its duties under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (The AUSA who took the statement from Cooley did not participate in the prosecution of this case; Shields does not contend that any of the prosecutors in this case was aware of the 1986 statement, but Brady and Giglio do not depend on the extent of the trial prosecutors' knowledge.) The district court held that the additional evidence would not have made any difference to the trial and denied the motion for a new trial. Our review is deferential, United States v. Kuzniar, 881 F.2d 466 (7th Cir.1989), and we conclude that the district court did not abuse its discretion or commit a clear error.
 
 
 3
 According to the prosecution, Pasquale DeLeo rather than Cooley bribed Shields. The prosecution's theory was supported by tapes of conversations between DeLeo and Shields, and by evidence of the movements of Shields and DeLeo and envelopes seen by federal agents at critical junctures. Cooley was DeLeo's former law partner and had approached DeLeo in an effort to have the case transferred to another judge--for, as Cooley told the jury, he had believed Shields honest. DeLeo told Cooley that he could bribe Shields. The theory of defense was that DeLeo defrauded Cooley--recognizing that Shields would rule for Cooley's client on the merits, DeLeo pocketed the money Cooley provided for transmission to Shields. The conviction depended not so much on the testimony of Cooley (who said on the stand that he thought Shields and most other state judges were honest) as on the interpretation of the tape recordings and Shields' statements to investigators, plus inferences to be drawn from meetings between DeLeo and Shields. The jury could have disbelieved most of what Cooley said and still convicted Shields.
 
 
 4
 Moreover, Cooley was thoroughly impeached. He admitted on the stand to bribing judges and committing other crimes--including the crime of perjury. Knowledge that Cooley had told a prosecutor in 1986 that he didn't have to bribe judges would not have added much, if anything, to what the defense already knew: that at the outset of his dealings with the federal government Cooley was not forthcoming and later ate many of these words. The prosecution against Shields did not depend on the jury's assessment of what proportion of Cooley's cases had been affected by payoffs; the evidence that Cooley gave money to DeLeo with instructions to pass it to Shields in this case was uncontested. Whether DeLeo carried through, and whether Shields took the money (if DeLeo proffered it), were the central questions, which would not have been illuminated by additional exploration of Cooley's many and varied inconsistent statements.
 
 AFFIRMED
 
 
 *
 The panel heard oral argument on defendant's direct appeal from his conviction and has unanimously decided that an additional argument concerning post-judgment motions is unnecessary
 
 
 **
 Of the Second Circuit, sitting by designation