FOURTH DIVISION

MARCH 25, 2004

1-02-1983)

1-03-1061) Cons.

BROWNING, EKELTON DIVISION,       ) Appeal from the

a corporation, ) Circuit Court of

) Cook County.

Plaintiff/Counterdefendant-Appellant, ) 

) 

v. ) 

)

DON WILLIAMS, ) Honorable

) Claudia Conlon 

Defendant/Counterplaintiff-Appellee. ) Judge Presiding.

JUSTICE HARTMAN delivered the opinion of the court: 

This is the third appeal involving these parties. (See 
Browning, Ekelton Division v. Williams
, 256 Ill. App. 3d 299, 305-07, 628 N.E.2d 878 (1993) (
Browning I
); and 
Browning, Ekelton Division v. Williams
, Nos. 1-98-3846, 1-99-1209 (August 2, 2001) (unpublished order under Supreme Court Rule 23) (
Browning II
)).  In the instant appeal,
 plaintiff/counterdefendant, Browning Corporation (Browning), appeals from the circuit court's order granting
 defendant/counterplaintiff, Don Williams, post-judgment interest accruing from the original judgment date.  
Browning I
 and 
Browning II
 presented the relevant facts in the instant case and, therefore, only those facts pertinent to this appeal follow.

On April 4, 1991, a jury trial on damages was held, in which Williams was awarded $3.525 million against Browning.  Browning did not appeal the award; instead, on July 15, 1991, Browning filed a request, pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2002) (section 2-1401)), to vacate the damage award.  On December 17, 1991, the circuit court granted Browning's section 2-1401 petition and Williams appealed.  This court held that the circuit court could not vacate judgment without holding an evidentiary hearing.  
Browning I
, 256 Ill. App. 3d at 305-07.  After a full evidentiary hearing on remand, the circuit court granted Browning's section 2-1401 petition.  Williams again appealed, and this court reversed the order vacating the damage award and reinstated the original $3.525 million judgment.  
Browning II
, at 8.  On April 23, 2002, the circuit court ordered Browning to pay Williams post-judgment interest accruing from the original judgment date of April 4, 1991.
(footnote: 1)  Browning timely appeals.

On appeal, Browning questions only whether post-judgment interest may accrue from the original judgment date of April 4, 1991.  Williams has failed to file a response brief on time; nevertheless, this court elects to consider the appeal on its merits.  
First Capitol Mortagage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 133, 345 N.E.2d 493 (1976).  Williams' motion for leave to file relevant authorities, taken with the case, is granted.

Browning argues the original judgment was in effect only (1) from April 4, 1991, the original judgment date, through December 17, 1991, when the circuit court granted Browning's request for relief from judgment; and (2) from August 2, 2001, when the original judgment was reinstated, until present.  At all other times, Browning claims, "the judgment was unenforceable and void" and "there was no reason to pay Williams, because no judgment existed."

Under section 2-1303 
of the Code of Civil Procedure (735 ILCS 5/2-1303 (West 2002) (section 2-1303)
, "[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied ***."
(footnote: 2) 
  The legislature did not vest the circuit court with discretion in assessing interest under section 2-1303; rather, the imposition of statutory interest, at the rate of 9% from the date the final judgment was entered, is mandatory.  
Longo v. Globe Auto Recycling
, 318 Ill. App. 3d 1028, 1039, 743 N.E.2d 667 (2001).  

An award of interest on a money judgment requires that the amount of money to be paid was certain, and the judgment debtor enjoyed the improper use of the money during the period for which interest is to be awarded.  
Bank of Chicago v. Park National Bank
, 277 Ill. App. 3d 167, 174, 660 N.E.2d 19 (1995).
  
Section 2-1303 entitles a judgment creditor to draw interest on the judgment during the pendency of an appeal (
Niemeyer v. Wendy's International
, 336 Ill. App. 3d 112, 115, 782 N.E.2d 784 (2002) (
Niemeyer
), even where it is the judgment creditor
 who seeks on appeal
 to correct errors regarding the judgment
.
  
Pinkstaff v. Pennsylvania Railroad Co.
, 31 Ill. 2d 518, 524, 202 N.E.2d 512 (1964) (
Pinkstaff
).  A judgment debtor may, however, halt the accrual of interest by tendering payment of the judgment, costs and interest accrued.  
Niemeyer
, 336 Ill. App. 3d at 115.

An appeal is a continuation of the proceedings (
134 Ill. 2d R. 301
)
 and, until either the time to appeal has expired or, where an appeal is being pursued, until the court of review has rendered a decision, the circuit court's judgment is not a final adjudication.
  
Bates v. Board of Education
, 136 Ill. 2d 260, 269, 555 N.E.2d 1 (1990) (
Bates
)
.
  Unlike an appeal
,
 however, a section 2-1401 petition, although filed in the same proceeding, is the commencement of a new cause of action and is not a continuation of the proceeding in which the prior judgment was entered.  
Village of Island Lake v. Parkway Bank & Trust Co.
, 212 Ill. App. 3d 115, 120, 569 N.E.2d 1362 (1991)
 (
Village of Island Lake
).  

In the case 
sub
 
judice
, the amount of the award against Browning was fixed and definite as of April 4, 1991, at which time monetary damages became due.  Browning did not tender payment at that time nor did it appeal from the award.  Once Browning's time to appeal expired, the award became a final adjudication.  
Bates
, 136 Ill. 2d at 269
.  Although the circuit court subsequently vacated the original judgment,
 this commenced a new cause of action; it was not a continuation of the proceeding in which the April 4, 1991 judgment was entered
.  
Village of Island Lake
, 212 Ill. App. 3d at 120.  Nonetheless, Williams temporarily stayed a final adjudication of the circuit court's order by virtue of his appeal (
Bates
, 136 Ill. 2d at 269), in which the order was determined to have been erroneous
 and was remanded.  
Browning I
, 256 Ill. App. 3d at 305-07.  After remand, when the circuit court again granted Browning relief from judgment, Williams appealed.  During the pendency of that appeal, the circuit court's ruling had not yet become a final adjudication until 
Browning II
, wherein this court vacated the circuit court's order and reinstated the original judgment.  At no time was the circuit court's vacatur of the original judgment a final adjudication.  

Furthermore, Williams' appeal from the circuit court's vacatur of judgment did not toll the accrual of statutory interest. 
Niemeyer
, 336 Ill. App. 3d at 115
.  Browning could have halted the accrual of interest by satisfying the damage award when due, 
thereby allowing Williams use of the funds while the matter was pending, but it did not.  
Kramer v. Mount Carmel Shelter Care Facility, Inc.
, 322 Ill. App. 3d 389, 393, 750 N.E.2d 757
 (2001).  Browning 
enjoyed the use of that money during the period for which interest is to be awarded
.  Its contention, that the original judgment was void between December 17, 1991, and August 2, 2002, is without merit.  Browning, therefore, remains liable for post-judgment interest accruing from the original judgment date in the amount as calculated by the circuit court. 

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINN, P.J., and THEIS, J., concur.

FOOTNOTES
1:
The circuit court's order became final and appealable on June 20, 2002.

2:
Section 2-1303 further provides:

"When judgment is entered upon any award, report or verdict, interest shall be computed *** from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment.  Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time.  The judgment debtor may[,] by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment."  735 ILCS 5/2-1303 (West 2002).