FOURTH DIVISION
FEBRUARY 16, 2006

No. 1-04-1250

| | | |
|---|---|---|
| DAVID J. SHIELDS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE STATE EMPLOYEES RETIREMENT | ) | |
| SYSTEM OF ILLINOIS, MARK GALLAGHER, | ) | |
| Chairman, THE JUDGES RETIREMENT | ) | |
| SYSTEM OF ILLINOIS, RUDY J. KINK, JR., | ) | |
| Manager, JUSTICE MICHAEL BILANDIC, | ) | |
| Trustee, JUSTICE THOMAS HOFFMAN, | ) | |
| Trustee, JUSTICE S. LOUIS RATHJE, Trustee, | ) | |
| JUDGE DONALD O'CONNELL, Trustee, | ) | |
| MARVIN O. NOVEN, Trustee, THE BOARD | ) | |
| OF TRUSTEES OF THE JUDGES RETIREMENT | ) | |
| SYSTEM, and JAMES E. RYAN, Attorney General | ) | |
| of Illinois, | ) | Honorable |
| | ) | Deborah M. Dooling, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE CAMPBELL delivered the opinion of the court:

Defendants, the State Employees Retirement System of Illinois, its chairman, the Judges

Retirement System of Illinois (the System), its manager, and its board of trustees (the Board),

appeal from an order of the circuit court of Cook County determining that interest must be paid

to plaintiff, David J. Shields, on a pension contribution refund determined by the Illinois

Supreme Court to have been improperly withheld.  On appeal, the Board contends that the circuit

court is barred from ordering a state agency to pay postjudgment interest.  For the following

reasons, we reverse the order of the circuit court.

BACKGROUND

In November 1990, plaintiff, former circuit court judge David J. Shields, then presiding judge of the chancery division of the circuit court of Cook County, applied for retirement benefits from the Judges Retirement System of Illinois, indicating that his service as a judge would terminate on December 3, 1990. At the time of his notice of retirement, Shields had contributed a total of $113,222.04, out of his own funds into the System. Shields began receiving retirement benefits approximating $5,100 per month effective December 13, 1990.

On December 19, 1990, Shields was indicted on seven counts of conspiracy, including charges of extortion, attempted extortion, and knowingly making false statements of material fact to the Federal Bureau of Investigation during the period August 1988 through November 1989. Shields was convicted on all counts of the indictment, and on March 2, 1992, he was sentenced to 37 months in prison plus 3 years of supervised release and was fined $6,000. Shields' conviction was upheld on appeal. United States v. Shields, 999 F.2d 1090 (7th Cir. 1993). The district court denied Shields' motion for a new trial and that determination was also upheld on appeal. United States v. Shields, No. 94 1388 (7th Cir. June 28, 1994).

Following Shields' conviction, Rudy Kink, manager of the System, informed Shields that his benefits would be terminated effective March 2, 1992. Shields sought a refund of all of the contributions he made into the System over the years, totaling $113,222.04. The Board held that Shields was entitled to a refund of $37,873.27, representing his contributions less $75,348.77, benefits paid to him prior to the termination of his benefits. On administrative review, the circuit court, Judge Lester Foreman presiding, reversed the decision of the Board and ordered the System to refund the remainder of Shields' contributions in the amount of $75,348.77, specifically holding:

" ' Though it has not been brought to my attention as of this time, I find that he is not entitled to any interest, and the reason he is not entitled to interest is because I think that the way the statute should be interpreted without his ever having made a demand for the interest, I think it would be inappropriate for him to receive it under these circumstances.' " Shields v. Judges' Retirement System of Illinois, 329 Ill. App. 3d 27, 31, 768 N.E.2d 26 (2001) (Shields I).

The System and the Board appealed, and this court reversed the order of the circuit court. Shields I, 329 Ill. App. 3d 27.

On Shields' appeal, the Illinois Supreme Court reversed the appellate court, finding that Shields was entitled to a full refund of his contributions. (Shields v. Judges' Retirement System of Illinois, 204 Ill. 2d 488, 791 N.E.2d 516 (2003) (Shields II). The supreme court did not address the issue of interest, but noted that the Board did not originally award interest "since section 18-129©) [of the Pension Code (40 ILCS 5/18-129©) (West 1992))] specifically provides that refunds should be computed 'without interest.' " Shields II, 204 Ill. 2d at 491.

On August 27, 2003, the Board issued Shields a check in the amount of $60,813, representing the amount ordered to be refunded, less federal withholding tax, in compliance with the decision of our supreme court.

On August 11, 2003, Shields filed a petition to reinstate his case in the circuit court and enforce his original judgment, seeking interest on $75,348.77, the amount that the circuit court ordered the System to refund to him on November 17, 2000, at the rate or 9% *per annum*. The Board filed a motion to dismiss the petition pursuant to section 2-619 of the Code of Civil

1-04-1250

Procedure (735 ILCS 5/2-619 (West 2002)). The trial court specifically found that the Judges

Retirement System of Illinois is a government entity under the definition of 2-1303 of the Code

of Civil Procedure (735 ILCS 5/2-1303 (West 2002)) and determined that Shields was entitled to

interest at the rate of 6% *per annum* from the time of the judgment entered by Judge Foreman on

November 17, 2000, until the date that interest is paid. The trial court subsequently denied the

System's motion to reconsider. The defendants' timely appeal followed.

OPINION

The matter before this court is whether Shields is entitled to 6% interest on the judgment

awarded to him on November 17, 2000. On appeal from an order entered pursuant to section 2-

619 of the Code of Civil Procedure, our review is *de novo*. Van Meter v. Darien Park District,

207 Ill. 2d 359, 368, 799 N.E.2d 273, 278 (2003).

Whether Shields is allowed to collect 6% interest on the judgment regarding his

contribution toward his pension initially depends on whether the System is a governmental entity

under section 2-1303 of the Code of Civil Procedure. Section 2-1303 of the Code of Civil

Procedure provides in pertinent part:

> "Interest on judgment. Judgments recovered in any court
>
> shall draw interest at the rate of 9% per annum from the date of the
>
> judgment until satisfied or 6% per annum when the judgment
>
> debtor is a unit of local government, as defined in Section 1 of
>
> Article VII of the Constitution, a school district, a community
>
> college district, *or any other governmental entity*." (Emphasis
>
> added). 735 ILCS 5/2-1303 (West 2002).

Defendants contend that the trial court erred in determining that the System is a governmental entity for the purposes of section 2-1303. Defendants argue that the System is, in fact, a creature of the State, and that the State of Illinois is immune from a suit for postjudgment interest filed under section 2-1303 under the doctrine of sovereign immunity. In a footnote, defendants note that the proper forum for claims against the State is the Court of Claims (see 705 ILCS 505/1 (West 2002)), and that if the legislature intends to waive the State's immunity, it must do so by specific authorization: general legislative enactments do not impair the rights of the sovereign unless an intent to make the State liable is expressed in the statute. City of Springfield v. Allphin, 82 Ill. 2d 571, 576, 413 N.E.2d 394 (1980); Department of Revenue v. Appellate Court, 67 Ill. 2d 392, 396, 367 N.E.2d 1302 (1977).

Defendants argue that the language "any other governmental entity" in section 2-1303 has been held to apply only to units of *local government,* not to arms of the State. The Judges Retirement System is created in section 18-101 of the Illinois Pension Code as follows:

"A retirement system is created to be known as the 'Judges Retirement System of Illinois'. It shall be a trust separate and distinct from all other entities, maintained for the purpose of securing the payment of annuities and benefits as prescribed herein." 40 ILCS 5/18-101 (West 2002).

Defendants assert that the above enabling statute does not support the classification of the System as a governmental entity under section 2-1303. In support, defendants cite Williams v. Illinois State Scholarship Comm'n, 139 Ill. 2d 24, 563 N.E.2d 465 (1990), and In re Special Education of Walker, 131 Ill. 2d 300, 546 N.E.2d 520 (1989). In Walker, a petitioner sought interest on an unpaid judgment entered by the Illinois State Board of Education (ISBE). Our

supreme court held the ISBE did not qualify as a governmental entity, explaining that  the "language in section 2-1303 is not a sufficiently clear expression by the legislature to constitute a waiver of the State's immunity," (Walker, 131 Ill. 2d at 304), and declined to award interest.  In Williams, our supreme court reversed an award of interest against the Illinois State Scholarship Commission.  Relying on Walker, the court stated:  "the State cannot be held accountable for interest in situations where a judgment is entered against government entities that do not qualify as a unit of local government under section 2-1303."  Williams, 139 Ill. 2d at 73-74.

Shields' response to defendants' argument that the System is not a governmental entity pursuant to section 2-1303 is multifaceted. Shields initially argues that article XIII, section 5, of the Illinois Constitution protects pensions.  Ill. Const. 1970, art. XIII, § 5 ("Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired").  He argues, without more, that he is entitled to interest pursuant to the Constitution.  Shields continues that the System remains liable for interest under section 2-1303 because Judge Foreman's judgment concerns *contribution* funds as distinguished from *pension* funds.  Shields explains that his contributions held by the System were monies *he* contributed that were held *separate* from the State general revenue fund, and, as a result, the System becomes a "governmental entity," exempt from sovereign immunity.

Shields argues that the determining factor of whether sovereign immunity applies is whether state general funds can be reached to satisfy a judgment.  In support, Shields cites Gocheff v. State Community College of East St. Louis, 69 Ill. App. 3d 178, 386 N.E.2d 1141 (1979), as a case in contrast to his case.  There, this court held that a state community college was not immune from a personal injury lawsuit, where the employee of the college was fatally

injured while driving a vehicle owned by the college. This court reasoned that state funds would not be reachable to satisfy any judgment rendered against the college and that the state board, acting as temporary community college board for the college, possessed a sufficient degree of administrative autonomy to make it amenable to suit. Gocheff, 69 Ill. App. 3d at 181-82. Shields argues that his case is distinguishable from Gocheff, as "[t]here is no way Trust assets will be touched and no way the States' [*sic*] general fund be invaded."

Defendants reply that Shields misunderstands the holding of Gocheff. Defendants cite Jones v. Jones-Blythe Construction Co., 150 Ill. App. 3d 53, 501 N.E. 2d 364 (1986), *appeal denied*, 114 Ill. 2d 546, 508 N.E.2d 729 (1987). There, the plaintiff filed a personal injury action against the Teachers' Retirement System as a result of a slip and fall on the premises occupied by the system. The trial court granted the system's motion to dismiss, and this court affirmed, holding that the Teachers' Retirement System is a division of the State within the meaning of the statute granting the Court of Claims exclusive jurisdiction over tort claims against the State. In making its determination, this court relied on section 16-162 of the Pension Code, which provided as follows:

"Payment of the required State contributions and of all pensions, annuities, retirement allowances, death benefits, refunds and other benefits granted under or assumed by this retirement system, and all expenses in connection with the administration and operation thereof, are obligations of the State." Ill. Rev. Stat. 1983, ch. 108 ½, par. 16-162 (now 40 ILCS 5/16-158©) (2002)).

This court found that "[a]ny judgment in favor of plaintiff could be considered an expense in connection with the administration and operation of the System and satisfied out of the general

funds of the State," and should be brought in the Court of Claims. Jones, 150 Ill. App. 3d at 55. The court further distinguished Gocheff:

"In Gocheff, the court found that the general funds of the State would not be reachable to satisfy a judgment rendered in the case. * * * [W]e do not believe that the System enjoys the degree of autonomy asserted by plaintiff. The System and its board are created by statute and the powers and duties of the board are controlled by statute." Jones, 150 Ill. App. 3d at 54.

The statutory provision applicable to the present case is strikingly similar to the provision applicable in Jones:

"The payment of (1) the required State contributions, (2) all benefits granted under this system and (3) all expenses in connection with the administration and operation thereof are the obligations of the Sate to the extent specified in this Article." 40 ILCS 5/18-132 (West 2002).

By analogy, state general funds could be reached to satisfy a judgment against the Judges Retirement System.[1] By further way of analogy, the term "local public entity," which is similar to "governmental entity," is defined in the Local Governmental and Governmental Employees Tort Immunity Act as follows:

_____

[1]See also People ex rel. Manning v. Nickerson, 184 Ill. 2d 245, 702 N.E.2d 1278 (1998) (sovereign immunity applied to protect state funds from being reached to satisfy a judgment against the Illinois Department of Conservation).

"'Local public entity' includes a county, township, municipality, municipal corporation, school district, school board, educational service region, regional board of school trustees, community college district, community college board, forest preserve district, park district, fire protection district, sanitary district, museum district, emergency telephone system board, and *all other local governmental bodies*. 'Local public entity' also includes library systems and any intergovernmental agency or similar entity formed pursuant to the Constitution of the State of Illinois or the Intergovernmental Cooperation Act as well as any not-for-profit corporation organized for the purpose of conducting public business.  It does not include the State or any office, officer, department, division, bureau, board, commission, university or similar agency of the State."  745 ILCS 10/1-206 (West 2002).

Thus, we find that the System is a creature of state government and that section 2-1303 does not require the System to remit interest on a judgment entered against it.

Whether interest is payable then depends on whether the statute provides for interest.  It is well settled that interest is not recoverable absent a statute or agreement providing for it.  City of Springfield v. Allphin, 82 Ill. 2d 571, 576, 413 N.E.2d 394 (1980); Lakefront Realty Corp. v. Lorenz, 19 Ill. 2d 415, 423, 167 N.E.2d 236  (1960); People ex rel. Barrett v. Farmers State Bank, 371 Ill. 222, 224, 20 N.E.2d 502 (1938).  Interest statutes, like statutes imposing costs, are in derogation of the common law and must be strictly construed. Nothing is to be read into them by intendment or implication.  Allphin, 82 Ill. 2d at 577, citing Summers v. Summers, 40 Ill. 2d

338, 342, 239 N.E.2d 795 (1968). Interest is a creature of statute and cannot be recovered except where a statute authorizes it. Fowler v. Harts, 149 Ill. 592, 597, 36 N.E. 996 (1894).

As recognized by our courts in both Shields I and Shields II, section 18-129 of the Pension Code, entitled "Refund of Contributions; repayment," provides in each subsection that benefits be provided "without interest" regardless of whether payments are being made to a participant, an annuitant, a surviving spouse, or other survivor. See 40 ILCS 5/18-129 (West 2002); Shields II, 204 Ill. 2d at 491.

Shields argues that "the Trustees are not acting as a sovereign but as any employer that provides a pension" and that "[m]anaging a pension creates a fiduciary obligation to the contributors." Shields continues that the Judges Retirement System is not a creature of the State but is tantamount to "any employer."

While it is undisputed that public employee pensions are a matter of contractual right (Stillo v. State Retirement Systems, 305 Ill. App. 3d 1003 (1999)), Shields provides no authority for either his argument that the System is not an arm of the State or that interest must be paid on a judgment involving a state pension contribution where the enabling statute specifically provides that interest not be paid. Shields does cite to authority wherein prejudgment or postjudgment interest was paid in situations regarding various units of local government, which are not exempt from the interest statute: Martino v. Police Pension Board of the City of Des Plaines, 331 Ill. App. 3d 975 (2002); Eddings v. Board of Education of the City of Chicago, 305 Ill. App. 3d 584 (1999); and Calabrese v. Chicago Park District, 294 Ill. App. 3d 1055 (1998). All of these cases are easily distinguished as none of them involve the State.

The recently decided case Barry v. Retirement Board of the Firemen's Annuity & Benefit Fund of Chicago, 357 Ill. App. 3d 749, 828 N.E.2d 1238 (2005), *appeal denied*, 216 Ill. 2d 680

(2005), is similarly distinguishable from the present case. In awarding both prejudgment and postjudgment interest on the claim of a widow of a Chicago firefighter, this court engaged in an analysis to determine whether the firemen's board was a "public body" or a "municipality," ultimately holding that the firemen's board was not a "governmental entity" exempt from interest statutes. The analysis engaged in by the Barry court is not proper here, where the action is against the State and immunity applies. Ellis v. Board of Governors of State Colleges & Universities, 102 Ill. 2d 387, 406 N.E.2d 202 (1984).

We conclude that the trial court erred in determining that the Judges Retirement System is a governmental entity pursuant to section 2-1303 of the Code of Civil Procedure subject to payment of 6% interest on Shield's contribution refund. We therefore reverse the judgment of the trial court.

Reversed.

QUINN, P.J., concurs.

MURPHY, J., dissents.