2024 IL App (1st) 221319

SIXTH DIVISION
March 22, 2024

Nos. 1-22-1319 & 1-22-1574, cons.

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| PEPPER CONSTRUCTION COMPANY, an Illinois Corporation, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff and Counterdefendant-Appellant and Cross-Appellee, | ) ) ) ) ) | |
| v. | ) ) | No. 22 L 2811 |
| PALMOLIVE TOWER CONDOMINIUMS, LLC, an Illinois Limited Liability Company; ABN AMRO MORTGAGE CORPORATION, INC.; ALZENSTEIN, NEAL; ALMEIDA, JILL F.; ALMEIDA, RICHARD J.; AMERICAN BROKERS CONDUIT, f/k/a American Home Mortgage Company; ANNING-JOHNSON COMPANY; ANTARES IRON AND COPPER, INC.; ASHER BROTHERS COMPANY, INC., ATG TRUST COMPANY, as Trustee of Trust Agreement No. 10261 Dated 7/25/2006; BALLAS, PETER G., as Trustee of the Peter G. Ballas Revocable Trust Dated 5/23/2003; BANK OF AMERICA; BANK UNITED FSB; BARRETT, MARILYN E.; BARRY, MARCELLA; BARRY, ROBERT; BARRY THOMAS PLUMBING, INC.; BARSANTI WOODWORK CORPORATION; BERGDAHL, LINDA J.; BERGLUND CONSTRUCTION; BERNHARD WOODWORKS, LTD.; BIG BEAVER AND CROOKS, LTD., LLC; BIRKEL, MARTIN P.; BLAZER, JUDITH E. AND HENRY E. FULDNER, as Trustees of the Judith E. Blazer Living Trust Dated 10/21/1996; BOOTH, LAURENCE; BOOTH, PATRICIA; BOURBON | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | The Honorable Patrick J. Sherlock, Judge, presiding. |

TILE AND MARBLE, INC.; BOYSEN, )
ROWENA; BREAK THRU ENTERPRISES, )
INC.; BUCKLEY, MORTIMER; BURKARD, )
JEFFREY; BYNOE, LINDA WALKER; )
BYNOE, PETER; CABRERA, MARIA; )
CALKINS, CATHERINE B.; CALKINS III, )
RUSSELL W.; CAMINO MODULAR )
SYSTEMS USA, INC.; CAPITOL GLASS; )
CHARLES SCHWAB BANK; CHICAGO )
BANCORP INC.; CHICAGO FINANCIAL )
SERVICES, INC.; CHICAGO TITLE AND )
TRUST COMPANY; CITIBANK; CITI )
MORTGAGE, INC.; COLCO SERVICES, )
INC.; COLE TAYLOR BANK; COLUMN )
FINANCIAL, INC.; COMBS, MARK E.; )
CONNAUGHTON, JAMES T.; )
CONNELLAN, JOHN; COUNTRYWIDE )
HOME LOAN; CREATIVE INDUSTRIES )
TERRAZZO; CUSTOM STAINLESS; DAW, )
JAMES F.; DELANEY, MADELEINE; )
DELEERS MILLWORK INC.; DELEEUW, )
DEBRA ANNE SYLVAN; DELEEUW, )
ROBERT; DEMIRJIAN, CHARLES; )
DIMAURO, ALEXANDER; DOUGLAS IRON )
WORKS, INC.; DP 159e. WALTON, LLC, )
R.A.; DRAPER AND KRAMER MORTGAGE;)
EARHART, BARRIE, as Trustee of the Barrie )
M. Earhart Revocable Trust Dated 2/24/2003; )
ELSMAN, CYNTHIA; ELSMAN JR, JAMES )
L.; ELSMAN III, JAMES L.; ELSMAN, )
JANICE M.; EZTECH MANUFACTURING, )
INC.; FEENEY, LOUISE; FIRST FRANKLIN;)
FIRST MIDWEST BANK; FLOORING )
RESOURCES CORPORATION; THE )
GASLIGHT COMPANIES; GEORGES, )
CHRISTOS; GEORGES, MARIA; GEORGIS, )
MARY LOU; GERMONT, JOY; GLAROS, )
WILLIS H.; GLICKMAN, ROSS B.; )
GLICKMAN, SUZANNE A.; GRAND )
APPLIANCE AND TV; GRUNBERG, TED; )
GURTZ ELECTRIC COMPANY; HARRIS )
NA; HAWKINS, JAMES B.; HAWKINS, )
MARY PAT; HENKEL, FRANCES C.; )
HENKEL, MICHAEL C.; HILL )
MECHANICAL CORPORATION; )

HOURIHANE, KRISTINA K.; HOURIHANE,)
PATRICK D.; INTERNATIONAL MARBLE )
AND GRANITE SUPPLY, INC.; J. )
KAPCHECK AND COMPANY; JOHN )
CARETTI AND COMPANY; JOHNSTONE, )
LISA A.; JOHNSTONE, MICHAEL B.; )
JONES, HERBERT A.; JONES, KIMBERLY )
M.; JP MORGAN CHASE BANK; K7K IRON)
WORKS, INC.; KEHOE, THOMAS G.; )
LaFORCE HARDWARE AND )
MANUFACTURING COMPANY/ )
WISCONSIN; LANDIS, GREGORY J., as )
Trustee of the Gregory J. Landis Declaration of )
Trust Dated 9/14/1998; LECOQUE, JAY K.; )
LILIE, HAROLD J.; LOEFFLER, KELLY L.; )
LOOMIS, BRIAN S.; LYN-DEN, INC.; )
MAKAM, PADMINI S.; MAKAM, )
SATYAPRAKASH N.; MANSON, JULIE N.; )
ARIA MAZER LIVING TRUST, Dated )
9/23/2005; RICK MAZER LIVING TRUST )
Dated 9/23/2005; MAZER CONSTRUCTION )
COMPANY; McGRATH, KRISTINA; )
McGRATH, MICHAEL; MENENDEZ, )
ALICIA S.; MIDWEST WOODWORK AND )
VENEERING, INC.; MILLER, SUSAN H.; MK)
INDUSTRIES, INC.; MOORE, HELEN; )
MOORE, WAYNE; MORTGAGE )
ELECTRONIC REGISTRATION; MURAD, )
NADIA; MABS INVESTMENTS, LLC, R.A.; )
NATIONAL CITY MORTGAGE; NATIONAL)
ELECTRICAL BENEFIT FUND; NAYER, )
RAJEEV; NAYER, RITU; NORTHSTAR FIRE)
PROTECTION; MARLA NYBERG )
DECLARATION OF TRUST Dated 12/1/1998; )
OAK BROOK BANK; O'CONNELL, )
CORMAC; PALMOLIVE BUILDING BASE, )
LLC; PARK NATIONAL BANK; PAPPAS, )
NICHOLAS J.; PARENTI AND RAFAELLI )
LTD.; PEDERSEN, MYRNA E.; PERRY, )
FRANK S., as Trustee of the Frank S. Perry )
Trust Dated 1/17/2002; PIMENTEL, GEORGE )
B.; PIMENTEL, ZANA; POLIFORM; PRINCE,)
CYNTHIA; PROCHNOW, DOUGLAS L.; )
RAMPY; RESNICK, NANCY; RESNICK, )
PHILLIP; ROSEN, BRIAN; ROSS, MARIA; )

3

Nos. 1-22-1319 & 122-1574, cons.

ROSS, RICHARD; ROZRAN, DAWN F.; )
ROZRAN, JACK L.; RUBENSTEIN, )
MARC A.; BETH S. RUBIN REVOCABLE )
TRUST 3/7/2007; MORRONI SARDO, INES, )
Trustee of the Ines Morroni Sardo Trust Dated )
12/17/2004; SHIMER, ROBERT J.; )
SHOWERWORKS; SHUTTER, JENNIFER M.;)
SHUTTER, JON D.; SIMON, MARCY, as )
Trustee of the Marcy Simon Trust Dated )
9/19/1999; SPECH, LARRY; SPRECHER, )
JEFFREY C.; STEVENSON, CHASE; )
STEVENSON, JOHN; STEWART, JAY S.; )
STEWART, JUDITH D.; STRINGFELLOW, )
JAMES; THE NORTHERN TRUST )
COMPANY OF ILLINOIS; THE PRIVATE )
BANK MORTGAGE COMPANY; TIDY )
INTERNATIONAL; TIRAPELLI, RONALD; )
TRAVERS, SUZANNE; TRINITY ROOFING )
SERVICES, INC.; THE VAV2005 TRUST )
Dated 8/8/2005; VORWALLER, AVA M.; )
VORWALLER, GREGORY S.; WALLACK, )
LEWIS; WASHINGTON MUTUAL BANK; )
WEAVER, AMY J.; WEAVER, RICHARD G.;)
WELLS FARGO BANK; WEINER, )
BARBARA A.; WILLMOT, PETER S.; )
WITTENMYER, ERIC; WOODFIELD )
PLANNING CORPORATION; NONRECORD)
CLAIMANTS; and BOURBON MARBLE, )
INC., )
 )
   Defendants )
 )
(Bourbon Marble, Inc., Counterplaintiff- )
Appellee and Cross-Appellant). )

   PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.

   Justices Hyman and Tailor concurred in the judgment and opinion.


**OPINION**


4

¶ 1      This is a construction project gone bad, where the dispute has been going on for years, with prior opinions and orders.[1] The issue now is about attorney fees. Pepper Construction Company (Pepper) claims that Bourbon Marble, Inc. (Bourbon), is not a prevailing party and, thus, is not entitled to any of the attorney fees that the trial court awarded, while Bourbon claims that the over $3 million it was awarded in attorney fees is not enough. The parties concede that an abuse-of-discretion standard applies. For the reasons that we explain below, we cannot find that the trial court abused its discretion and so affirm.

¶ 2                                          BACKGROUND

¶ 3                          I. Prior Proceedings, Opinions, and Orders

¶ 4      The dispute between the parties spans years, and we previously recounted the factual history in our prior two opinions. *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2016 IL App (1st) 142754 (*Pepper I*); *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2021 IL App (1st) 200753, ¶ 3 (*Pepper II*) (noting "the long history of this case"). We incorporate these opinions here by reference and summarize them below.

¶ 5      This court's first opinion regarding the dispute between Pepper and Bourbon was *Pepper I*, 2016 IL App (1st) 142754. In that opinion, we observed that this was "a dispute between the general contractor for a construction project, [Pepper], and one of its subcontractors, [Bourbon]." *Pepper I*, 2016 IL App (1st) 142754, ¶ 1. We explained the dispute and its history as follows:

"Beginning in 2004, Pepper and Bourbon worked on an interior build-out of approximately 96 condominium units in a building owned by Palmolive Tower

---

[1]This court previously observed that "[t]he project was rife with problems," and the parties stopped working on it 17 years ago, back in 2007. *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2021 IL App (1st) 200753, ¶ 1.

5

Condominiums, LLC (Palmolive), and located at 919 North Michigan Avenue in Chicago. At one point, disputes arose, and in March 2007, Pepper filed a demand for arbitration against Palmolive. The arbitration proceedings involved Palmolive, Pepper, and Bourbon, along with several other subcontractors of Pepper. The arbitration award was confirmed in the circuit court, and following a global settlement agreement, only issues between Pepper and Bourbon remained. Bourbon attempted to pursue damages against Pepper, but Pepper successfully contended at the summary judgment stage that Bourbon was judicially estopped from pursuing those damages. The remaining issues were resolved at a bench trial, where Pepper was awarded $36,312 in backcharges." *Pepper I*, 2016 IL App (1st) 142754, ¶ 1.

¶ 6 It was the result of that first bench trial and its pretrial proceedings that was on appeal in *Pepper I*, and on appeal, this court reversed in part, affirmed in part, remanded for further proceedings. *Pepper I*, 2016 IL App (1st) 142754, ¶ 100. In *Pepper I*, we found, first, that the trial court "improperly granted summary judgment to Pepper on the issue of judicial estoppel" and reversed that ruling. *Pepper I*, 2016 IL App (1st) 142754, ¶ 70. Pepper argued other potential grounds for barring Bourbon's claims, which this court did not find persuasive. *Pepper I*, 2016 IL App (1st) 142754, ¶¶ 72, 74-75, 81. Second, this court affirmed the trial court's order, entered on March 17, 2014, in which, after a bench trial, the trial court (1) entered judgment for Bourbon and against Pepper on Pepper's claim regarding shower floors and (2) found that Pepper proved that Bourbon had breached the subcontract, for which it awarded Pepper $36,312 in damages. *Pepper I*, 2016 IL App (1st) 142754, ¶¶ 55, 100. Lastly, this court observed that its reversal of summary judgment would necessitate further proceedings and, thus, consideration of attorney fees was premature at that time:

6

"Pepper and Bourbon also challenge the [trial] court's refusal to find either party as the prevailing party and award attorney fees. However, because our reversal of the summary judgment ruling on the basis of judicial estoppel will require further proceedings, a ruling on prevailing party status and fees would be premature. The trial court's denial of Bourbon's and Pepper's petitions for prevailing party status and fees is affirmed, but we do not preclude the parties from raising this issue after the final disposition of this case in the trial court." *Pepper I*, 2016 IL App (1st) 142754, ¶ 97.

¶ 7    On remand, "Bourbon pursued breach of contract and unjust enrichment claims against Pepper." *Pepper II*, 2021 IL App (1st) 200753, ¶ 1. After another bench trial, Bourbon prevailed on both claims, receiving $271,687.87 for its breach of contract claim and $400,131.92 for its unjust enrichment claim. In addition, the trial court awarded Bourbon $3,657,984.08 in attorney fees and costs. *Pepper II*, 2021 IL App (1st) 200753, ¶ 1. On appeal, in *Pepper II*, this court again affirmed in part, reversed in part, and remanded for further proceedings. *Pepper II*, 2021 IL App (1st) 200753, ¶ 1. We affirmed the trial court's judgment in favor of Bourbon on its breach of contract claim but reversed the trial court's judgment in favor of Bourbon on its unjust enrichment claim. *Pepper II*, 2021 IL App (1st) 200753, ¶ 140. With respect to attorney fees, we found:

"In light of our reversal of the judgment for Bourbon on its unjust enrichment claim, the trial court must consider whether Bourbon is still the prevailing party. The trial court is in a better position to weigh the various factors involved, including the relative value and complexity of the issues presented and the amount of time the parties devoted to each issue." *Pepper II*, 2021 IL App (1st) 200753, ¶ 101.

7

We observed: "These are matters for the trial court acting in its discretion, based on the changed circumstances on remand." *Pepper II*, 2021 IL App (1st) 200753, ¶ 101. Thus, we remanded the matter back to the trial court in order for it to determine if Bourbon was still the prevailing party after our reversal on the unjust enrichment claim.

¶ 8                                      II. Order at Issue on Appeal

¶ 9            On remand, the matter was fully briefed, with each side claiming that it was the prevailing party.[2] The trial court entered an order on July 8, 2022, awarding attorney fees to Bourbon. On October 5, 2022, the trial court entered an almost identical "corrected order," in which it awarded Bourbon $3,605,880.33 in attorney fees and costs. The amount was approximately $50,000 less than the trial court's last award prior to *Pepper II*, but was still, like the last award, over three million dollars.

¶ 10           In its order, the trial court found, first, that "Pepper did not win any significant issue in the case." The trial court observed that, although judgment was entered in Pepper's favor, Pepper recovered only $36,312 in damages. See *Pepper I*, 2016 IL App (1st) 142754, ¶ 55. The trial court noted that, although Pepper had sought $55,031 in back charges and $450,000 for allegedly defective work, the then-trial judge, Judge Lisa Curcio, awarded Pepper a small fraction of what Pepper had sought, or approximately 7%. The trial court found: "While Pepper initially defeated [Bourbon's] counterclaim seeking over $3 million for unpaid work, [Bourbon] was successful on appeal in reversing Pepper's trial court victory before Judge

---

[2]On remand, Bourbon also sought leave to plead, at the eleventh hour, a whole new cause of action which the trial court denied. The trial court denied the motion, observing that Bourbon was seeking to assert a claim based on a contract to which it was not a party. Bourbon Tile and Marble, Inc, was the party to the contract, and the Bourbon here is a separate company. Even if Bourbon could claim rights under that contract, this court already found that this particular "avenue" was foreclosed, and the trial court is, of course, bound by our rulings. *Pepper II*, 2021 IL App (1st) 200753, ¶¶ 95-96. We can find no abuse of discretion in the trial court's adherence to our prior opinion and denial of a new claim after more than a decade of litigation.

Curcio." See *Pepper I*, 2016 IL App (1st) 142754, ¶ 70 (finding that the trial court "improperly granted summary judgment to Pepper on the issue of judicial estoppel").

¶ 11    Next, the trial court found that "Bourbon's trial court and two appellate court victories were significant." The trial judge, Judge Patrick Sherlock, noted that, prior to his trial of the case, Bourbon succeeded "on appeal in reinstating its claims against Pepper and successfully limiting Pepper's trial court verdict to approximately $36,000." See *Pepper I*, 2016 IL App (1st) 142754. Judge Sherlock found "that this was a significant victory for Bourbon."

¶ 12    Judge Sherlock found that, before him, Bourbon "was the winner." In support of this finding, the judge noted that Bourbon was "successful on its breach of contract claim and that judgment was sustained on appeal." For its breach of contract claim, Bourbon received approximately $300,000, and "this was a significant victory in its own right." The judge found "baseless" Pepper's contention that Bourbon was not the prevailing party because it had not received the full amount it sought.

¶ 13    The judge noted that Nancy Bourbon testified that Bourbon had incurred $307,751.66 in legal fees and expert costs in connection with assisting Pepper in the arbitration against Palmolive Tower Condominiums, LLC (Palmolive), but Pepper refused to pay Bourbon its attorney fees and costs, although Pepper recovered those fees and costs in its settlement with Palmolive. The judge concluded that "Pepper breached the contract, failed to pay [Bourbon] *** what it was entitled to receive and required [Bourbon] to fight for 10 years after Pepper received money from Palmolive [in arbitration] in order to receive its contractual entitlement."

¶ 14    The judge found unpersuasive Pepper's argument that Bourbon cannot be the prevailing party because its judgment was modest. In support, the trial judge cited *Mohanty v. St. John Heart Clinic, S.C.*, 2016 IL App (1st) 132556-U. However, an order entered pursuant

to Illinois Supreme Court Rule 23 prior to January 1, 2021, as *Mohanty* was, is not precedential and is not authorized to be "cited for persuasive purposes." Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023). The trial judge cited it for the proposition that an award of attorney fees was reasonable due to "the complexity of the 10-year litigation involved in this case and the reasonableness of the fees charged" by the attorneys. *Mohanty*, 2016 IL App (1st) 132556-U, ¶ 149. While *Mohanty* was an unpublished order, a similar point was made in *Thomas v. Weatherguard Construction Co.*, 2018 IL App (1st) 171238, which is a published and fully citable opinion. *Thomas*, 2018 IL App (1st) 171238, ¶ 75 (where the defendant made the choice to litigate for 10 years, he "cannot be heard to complain now" about the attorney fees expended).

¶ 15       The judge noted that he was "able to observe the skill and competency of the lawyers involved in this case" and found all of them to be outstanding. The judge observed that "neither side argues that the rates charged were excessive nor that the time incurred was entirely unnecessary." However, the judge found that he had to modify his prior award of attorney fees since Pepper was successful on appeal in reversing the unjust-enrichment judgment that had been entered in favor of Bourbon.

¶ 16       As to precise amounts, the judge noted that Bourbon sought $4.3 million in attorney fees, while $2.6 million was "the amount Pepper argues to the contrary." The judge noted that, although Pepper argued that it should not be responsible for attorney fees on appeal, it "contends that only $1,457,640.20 of [Bourbon]'s $4.1 million in attorney fees are unreasonable." The former amount subtracted from the latter yields the approximately $2.6 million figure which the trial court noted.

¶ 17       The judge observed that he had previously reviewed Bourbon's petition for attorney fees and awarded it $3,657,948.08. In reaching this amount, the judge had reduced the sum

sought by Bourbon by almost $460,000. The judge stated that it had reviewed the specific time entries for reasonableness and had "conducted a cross check using Pepper's own analysis." The judge stated that he was going to further reduce Bourbon's award by $52,103.75, "which represents the amount that [Bourbon] concedes it is not entitled to recover based upon the appellate court's reversal of the unjust enrichment claim." The judge declined to "award either party fees incurred in connection with the appeal" in *Pepper II*. In sum, Bourbon was awarded $3,605,880.33 in attorney fees and costs. This amount is $1 million more than the amount that Pepper contended was not unreasonable, and approximately $500,000 less than Bourbon sought.[3]

¶ 18    Subsequently, Bourbon filed a petition for additional fees and costs, specifically for attorney fees incurred (1) after the trial court's 2020 fee award but before Pepper's notice of appeal; (2) after remand but before the trial court's June 28, 2022, order; and (3) from June 28, 2022, through August 16, 2022. In an order entered October 5, 2022, the trial court stated that it "awards Bourbon all of the additional attorney fees it seeks in the sum [of] $116,204.35." The court remarked: "Although Pepper complains that its liability for attorney fees must end, it is the master of its own destiny."

¶ 19    On October 6, 2022, the trial court entered an agreed order, in which the court found, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), that there was no just reason for delaying either the enforcement or the appeal of the court's order of July 28, 2022, as corrected on October 5, 2022, awarding $3,605,880.33 in attorney fees and costs to Bourbon, and the court's order of October 5, 2022, awarding an additional $116,204.35, in attorney fees

---

[3]Bourbon had sought $4.1 million, but conceded that it was not entitled to $52,103.75, which reduced the amount sought to approximately $4,047, 897. Subtracting the award from this amount yields approximately $442,017, or close to $500,000.

and costs to Bourbon. Pepper filed a timely notice of appeal on October 14, 2022. A few days later, Bourbon filed a notice of cross appeal on October 19, 2022, seeking even more money than the almost $4 million that it had been awarded.

¶ 20                                    ANALYSIS

¶ 21         At issue on this appeal is the trial court's award of attorney fees to Bourbon. A party is usually responsible for its own attorney fees, but there is an exception where a contract, such as the one here, provides for the award of attorney fees. *Pepper II*, 2021 IL App (1st) 200753, ¶ 99 (citing *J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276, 281 (2001)); *Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.*, 240 Ill. App. 3d 737, 752 (1992). Section 19 of the subcontract, titled "Legal Fees," states:

> "In the event any legal proceeding, arbitration or other form of dispute resolution procedure is commenced between the parties to this Agreement, whether in contract or in tort, the prevailing party shall be entitled, in addition to such other relief as may be granted, to a reasonable sum for attorneys' fees and costs, which sum shall be determined by the court or forum in such proceeding."

When a contract, such as the one quoted above, provides for the award of attorney fees, the trial court may award a reasonable amount of fees. *Thomas*, 2018 IL App (1st) 171238, ¶ 61; *Grossinger*, 240 Ill. App. 3d at 752-53.

¶ 22         The contract, quoted above, allows "the prevailing party" attorney fees. A party may be considered a prevailing party for the purposes of a fee award if (1) it succeeds on any significant issue in the action and achieves some benefit in bringing suit, or (2) it receives a judgment in its favor, or (3) it obtains an affirmative recovery. *Pepper II*, 2021 IL App (1st) 200753, ¶ 100 (citing *Grossinger*, 240 Ill. App. 3d at 753); *1002 E. 87th Street, LLC v. Midway*

12

*Broadcasting Corp.*, 2018 IL App (1st) 171691, ¶ 36. A party may be the prevailing party even if it does not succeed on all matters or claims. *Pepper II*, 2021 IL App (1st) 200753, ¶ 100 (citing *1002 E. 87th Street*, 2018 IL App (1st) 171691, ¶ 31). However, if both parties win and lose on different claims, it may be inappropriate to find either one to be the prevailing party. *1002 E. 87th Street*, 2018 IL App (1st) 171691, ¶ 31. Still, where a plaintiff presents several claims in the same suit, and only some of the claims succeed, attorney fees may still be allowed for all claims, if the claims involve a common core of facts, as is the case here, or are based on related legal theories. *Thomas*, 2018 IL App (1st) 171238, ¶ 63; *Pepper II*, 2021 IL App (1st) 200753, ¶ 101.

¶ 23       Whether to award attorney fees and what amount to award is left to the sound discretion of the trial court. *Pepper II*, 2021 IL App (1st) 200753, ¶ 100 (citing *Thomas*, 2018 IL App (1st) 171238, ¶ 61). On appeal, a reviewing court will not disturb the trial court's attorney-fee decision absent an abuse of discretion. *Thomas*, 2018 IL App (1st) 171238, ¶ 61. An abuse of discretion occurs when "no reasonable person would take the view adopted by the trial court." *Thomas*, 2018 IL App (1st) 171238, ¶ 61. The parties agree that an abuse-of-discretion standard applies, and they are correct.

¶ 24       In this case, it is hard for Bourbon to argue that the trial court abused its discretion when the court found that Bourbon was the prevailing party and gave it close to everything it asked for—including an eleventh hour "hail-Mary-pass" petition for additional fees.

¶ 25       Similarly, it is hard for Pepper to argue an abuse of discretion when it won next to nothing in the one award it won, namely, $36,000 in 15 years of litigation, while Bourbon received $271,687.87. *Pepper II*, 2021 IL App (1st) 200753, ¶ 52 (Bourbon's award on the breach of contract claim). Pepper does not argue the unreasonableness of the rates charged or

13

challenge the accuracy of the record keeping or the hours recorded. Where Pepper made the choice to litigate for over 15 years and does not dispute either the rate or the fact that the hours were actually expended, it "cannot be heard to complain now." *Thomas*, 2018 IL App (1st) 171238, ¶ 75.

¶ 26    At some point, all things must come to an end, including this litigation. We remanded this case to the trial court because, as we stated in our prior opinion, not once but twice, "[t]he trial court is in a better position to weigh the various factors involved, including the relative value and complexity of the issues presented and the amount of time the parties devoted to each issue." *Pepper II*, 2021 IL App (1st) 200753, ¶ 101 ("These are matters for the trial court acting in its discretion"). We remanded so that the trial court could exercise its discretion and so it did. The trial court stated that it had reviewed each specific time entry for reasonableness—a fact that neither side disputes on appeal—and then further cross-checked it against Pepper's own analysis. The trial court's thoughtful and careful review does not suggest an abuse of discretion.

¶ 27    Both parties in their requests for relief seek, among other things, a remand for further proceedings. We decline to remand for further proceedings, because at some point the escalating fees must come to an end. Both parties knew the additional costs they were facing by appealing, and they both willingly accepted that risk, rather than accepting the trial court's decision. The parties are, of course, free to rack up more fees by filing a petition for leave to appeal. As the trial court so aptly put it, at that point, they are "the master[s] of [their] own destiny."

¶ 28    CONCLUSION

¶ 29    Finding no abuse of discretion by the trial court, we affirm.

¶ 30          Affirmed.

***Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*,**
**2024 IL App (1st) 221319**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 22-L-2811; the Hon. Patrick J. Sherlock, Judge, presiding. |
| **Attorneys for Appellant:** | Gino L. DiVito, John M. Fitzgerald, and Ashley Crettol Insalaco, of Tabet DiVito & Rothstein LLC, of Chicago, and Bruce W. Ficken and James M. Kwartnik, of Cozen O'Connor, of Philadelphia, Pennsylvania, for appellant. |
| **Attorneys for Appellee:** | Ethan E. Trull, Keith E. Edeus, Seth A. Horvath, and Elizabeth Z. Meraz, of Nixon Peabody LLP, of Chicago, for appellee. |